LAW SOLUTIONS CHICAGO, LLC d/b/a ALLEN CHERN
*Attorneys for Mitchell Wayne Boyer*
280 West Main Street
Denville, New Jersey 07834
Tel:  973-453-2838
Scott J. Goldstein, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In Re:

Mitchell Wayne Boyer

     Chapter 13 Debtor

Case No. 1-16-44411

Hon. Nancy Hershey Lord

Chapter 13

-----------------------------------------------------------x

Mitchell Wayne Boyer,

     Plaintiff

  -against-

Upstart Network, Inc. and Cross River Bank, Inc.

     Defendant

Adv. Pro. No.

-----------------------------------------------------------x

**ADVERSARY COMPLAINT TO DETERMINE THE DISCHARGEABILITY
OF STUDENT LOANS PURSUANT TO
<u>11 US.C.§523(A)(8) and FED R. BANKR. P. 7001(2), 7001)6, 7001(8) AND 7001(9)</u>**

**MITCHELL WAYNE BOYER**, the Debtor/Plaintiff in the above-entitled action, complains of

the Defendants, Upstart Network, Inc. and Cross River Bank, Inc. and states as follows:

**<u>INTRODUCTORY FACTS</u>**

**NATURE OF ACTION**

1. This is an action brought to determine the dischargeability of a certain obligation incurred

   by the Debtor/Plaintiff, Mitchell Wayne Boyer, a single man (hereinafter "Mr. Boyer" or

   "Plaintiff") pursuant to section 523(a)(8)  of Title 11 of the United States Code

(hereinafter the "Bankruptcy Code") and Rules 7001(2), 7001(6), 7001(7), 7001(8) and 7001(9) of the Federal Rules of Bankruptcy Procedure.

## Jurisdiction and Venue

2. This Court has jurisdiction to hear the within matter pursuant to §1334 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under the Bankruptcy Code.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to §§157(b)(2) and 1334 of Title 28 of the United States Code.

4. This matter is primarily a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I) in that this adversary proceeding seeks to determine the dischargeability of certain debts and therefore this Bankruptcy Court has jurisdiction to "hear and determine" this matter and enter a final order relating thereto.  In the event this matter is determined to be a non-core matter, then Mr. Boyer consents to the entry of a final order by the United States Bankruptcy Judge assigned to this matter.

5. Venue lies in this district pursuant to 28 U.S.C. §1391(b) in that the transactions giving rise to the claims set forth herein occurred within this federal judicial district.  In addition, the Defendants regularly transact business within this federal district by attempting collect debts from consumers residing in this District.

## PARTIES AND PROCEDURAL HISTORY

6. Mitchell Wayne Boyer is an individual resident of the State of New York, in the County of Kings, residing at 91 Richardson Street, Apt. 5H, Brooklyn, New York.

7. Defendant Upstart Network, Inc. is a corporation formed and existing under the laws of the State of Delaware, having a primary business address located at 2 Circle Star Way, San

Carlos, California.

8. Upon information and belief, Upstart Network, Inc. is an entity engaged in lending activities, including the solicitation of loan applications and servicing of loans.

9. Defendant Cross River Bank, Inc. is a New Jersey corporation, with its principal offices located at 400 Kelby Street, 14th Floor, Fort Lee, New Jersey. Cross River Bank, upon information and belief, is regulated by the New Jersey Department of Banking and Insurance as a New Jersey chartered financial institution.

10. Mr. Boyer commenced the within case on September 29, 2016 by the filing of a voluntary petition under Chapter 13 of the Bankruptcy Code.

**NATURE OF THE LOAN**

11. In May of 2014, Mr. Boyer applied through Upstart Network's website for a loan of $20,000 to attend classes at an institution known as the Flatiron School (the "Cross River Bank Loan").

12. The Flatiron School is, upon information and belief, an institution founded in 2012, which provides classes in computer coding and programming.

13. The Flatiron School, upon information and belief, is NOT an eligible education institution as defined in 20 U.S.C. §1087.

14. Upon information and belief, upon approval from Upstart Network, Cross River Bank agreed to provide the aforedescribed loan to Mr. Boyer.

15. On May 7, 2014, Mr. Boyer entered into a promissory note with Cross River Bank whereby Cross River Bank provided a loan of $20,000 and Mr. Boyer promised to repay those funds.

16. The Cross River Bank loan is referenced by account number L194, and has a current balance of approximately $12,494.00.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR A DETERMINATION OF DISCHARGEABILITY UNDER 11 U.S.C.
## §523(a)(8)

17. Plaintiff repeats and realleges each and every one of the foregoing allegations with the same force and effect as if set forth at length herein.

18. 11 U.S.C. §523(a)(8) exempts from discharge debts incurred

    (A)

    (i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or

    (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or

    (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual;

19. Upon information and belief the loan made by Cross River Bank to Mitchell Boyer was not made, insured, or guaranteed by any governmental unit.'

20. Upon information and belief, the loan made by Cross River Bank to Mitchell Boyer was not made under any program funded in any part by a governmental unit or nonprofit institution.

21. As such, the loan is not excepted from discharge under 11 U.S.C. §523(a)(8)(A).

22. 11 U.S.C. §523(a)(8)(B) exempts from discharge debts incurred by reason of

    …

    (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual;

23. 26 U.S.C. §221(d)(1) defines a qualified education loan as a loan that is incurred solely to pay for "qualified higher education expenses".

24. 26 U.S.C. §221(d)(2) defines qualified higher education expenses as "the cost of attendance … at an eligible educational institution."

25. 26 U.S.C. §25(f)(2) defines an eligible institution as any higher education institution that is eligible to participate in programs under title IV of the Higher Education Act.

26. Upon information and belief, the Flatiron School is not eligible to participate in student loan programs under Title IV of the Higher Education Act.

27. Upon information and belief, the loan made by Cross River Bank to Mitchell Boyer is not a qualified education loan as defined in 26 U.S.C. §221(d)(1).

28. As the proceeds of the aforedescribed loan were not used for the costs of attending an eligible institution as defined in 26 U.S.C. §25(f), the loan cannot be a qualified educational loan as required by 26 U.S.C. §221(d)(1).

29. Accordingly, the loan issued by Cross River Bank is not excepted from discharge by 11 U.S.C. §523(a)(8)(B).

30. By reason of the foregoing, the Debtor is entitled to a declaratory judgment that the loan issued by Cross River Bank is dischargeable pursuant to 11 U.S.C. §523(a)(8).

**WHEREFORE** the Plaintiff, Mitchell Wayne Boyer, demands judgment as follows:

A. On the First Cause of Action, adjudging and decreeing that the loan issued to Mitchell Wayne Boyer by Cross River Bank, Inc., is dischargeable.

B. Granting such additional and/or other relief as this Court may deem just and appropriate.

Dated: Denville, New Jersey  
December 15, 2016

LAW SOLUTIONS CHICAGO,  
LLC d/b/a ALLEN CHERN  
*Attorneys for Plaintiff*

By: /s/Scott J. Goldstein  
SCOTT J. GOLDSTEIN  
280 West Main Street  
Denville, New Jersey 07834  
Tel: 973-453-2838  
Fax: 973-453-2869  
sjg@uprightlaw.com